U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

### UNITED STATES DISTRICT COURT
### DISTRICT OF VERMONT   2011 SEP 16  PM 12: 15

CLERK

BY

| | | |
|---|---|---|
| Joe E. Doe and Jack L. Doe | ) | |
| by their next friend Mary Doe, and | ) | Civil No.: 5:11-CV-225 |
| Mary Doe | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Lamoille South Supervisory Union | ) | |
| School District | ) | |

### COMPLAINT

This is an action for money damages on account of a deprivation of the plaintiffs' rights under 20 U.S.C. §1681, et. seq. (Title IX of The Education Amendments of 1972). This court has jurisdiction under 28 U.S.C. §1343 and 42 U.S.C. §1983.

There are pendant state claims alleging negligence and violation of the Vermont Public Accommodations Act which arise out of a nucleus of common facts.

### I.    FACTS

1.   The plaintiffs Joe E. and Jack L. Doe, are the minor sons of plaintiff Mary Doe. At all relevant times the boys were students at schools operated by the Lamoille South Supervisory Union School District in Morrisville, Vermont. The boys attended Morristown Elementary School, Peoples Academy Middle School, and Peoples Academy High School. The Doe family resides in Lamoille County. The use of the Doe names is to protect the privacy of the minor children. The defendant knows their actual identities.

2.   The defendant, Lamoille South Supervisory Union (LSSU), and its schools, are the recipients of federal monies and are thereby subject to the requirements of 20 U.S.C. §1681, otherwise known as Title IX.

1

3. Shaun Bryer, at all times relevant to the allegations contained in this complaint, was a teacher and employee of LSSU.

4. Riki French was the principal of the Morristown Elementary School. Alice Agney was the Superintendent of LSSU; and Tracy Wrend was and is the Superintendent of LSSU. They were all employees of LSSU at relevant times.

5. Shaun Bryer sexually harassed, molested, and assaulted both boys while he was a teacher at LSSU.  He has admitted his conduct and pled guilty to multiple criminal charges.

6. Shaun Bryer's sexual abuse of the two boys occurred on repeated occasions in each school year starting sometime in early 2005 and ending with Bryer's arrest in September 2009.

7. During the entire period that the sexual abuse was occurring, Riki French, Alice Agney, and/or Tracy Wrend had been invested by the School Board with supervisory power over Shaun Bryer.  They had the power to end the abuse, and failed to do so.

8. Principal French and Superintendents Agney and Wrend knew of Bryer's inappropriate relationship with the boys, knew their older brother accused him of molesting the boys, knew that he spent time alone with the boys in his apartment and in their home and knew that he was sexually harassing them. They knew that Bryer posed a substantial risk to sexually harass and abuse the boys.

9. Principal French and Superintendents Agney and Wrend repeatedly told Bryer not to socialize with the boys outside of school, not to give them undue attention and not to engage in inappropriate behavior. They provided written warnings to this effect in 2005 and 2008. They knew Bryer ignored their warnings.

10. Based upon their brother's statement that Bryer was molesting the boys, Superintendent Agney told Bryer in December of 2005, that she would report him to the Division

of Children and Families if he did not stop his inappropriate behavior with the boys. At that

time, because of the accusations and her knowledge of his conduct, she asked Bryer if he was

homosexual.

11.     Superindentent Wrend warned Bryer in May of 2008, and again by letter in

November 2008 to stop his relationship with the boys. He refused. Wrend took no further action

until March of 2009.

12.     At no time over this four year period of abuse did the defendant advise Mary Doe

of their concerns about Bryer's inappropriate relationship with her sons and warn her of the risks

that Bryer posed to her children.

13.  The years of sexual abuse seriously interfered with the boys' education and

destroyed their ability to have a positive and successful educational experience in the defendant's

school system.

14.  The boys have suffered permanent, severe, emotional and psychological damage as

a result of the sexual abuse.

15.     Mary Doe has incurred expenses for her sons care and treatment as a result of the

defendant's actions. She has suffered emotionally as well.

**II.     Legal Claims**

    **A.   Title IX**

16.  The failure of French, Agney, and Wrend to take timely and reasonable measures to

stop the sexual abuse and harassment of the minor plaintiffs is actionable under Title IX.

17.  The plaintiffs were subjected to a hostile educational environment of sexual

harassment. They were subjected to unwelcome sexual advances, requests for sexual favors, and

verbal and physical conduct of a sexual nature, including sexual assault, over a number of years.

The behavior of Shaun Bryer was sufficiently severe and pervasive as to create an abusive educational environment.

18.   The defendant is the recipient of federal educational funds.

19.   A supervisory school official had actual knowledge of the substantial risk of sexual abuse, inappropriate physical contact and sexual harassment of the minor plaintiffs such that she could have reasonably responded with remedial measures to address the ongoing abuse and harassment but failed to do so.

20.   Agney, French, and Wrend were deliberately indifferent to the sexually harassing and abusive behavior of Bryer and the minor plaintiffs' victimization.

### B. Vermont Public Accommodations Act (VPAA)

21.   The defendant's conduct is also actionable under 9 V.S.A. § §4500 – 4507, the Vermont Public Accommodations Act.

22.   The sexual abuse by Bryer was so severe, pervasive, and offensive, that it deprived the minor plaintiffs of access to educational opportunities and benefits provided by their school.

23.   The minor plaintiffs were 6th – 9th grade students being sexually abused and assaulted by a teacher without the knowledge of their parents.  As such they are excused from any requirement that they exhaust administrative remedies.  Any complaints by the boys would have jeopardized their health and safety and subjected them to substantial and imminent retaliation.

### C.  Negligence

24.   The actions of Principal French and Superintendents Agney and Wrend in failing to take reasonable actions to protect the boys from the foreseeable harm of sexual abuse and exploitation were negligent.

4

25. More specifically:

    a) In the school year 2004-2005, Principal French and Superintendent Agney were negligent in failing to take reasonable disciplinary measures to protect the minor plaintiffs. Bryer was warned in December 2004 about his inappropriate behavior with the students and was given directives regarding his relationships with children. Thereafter, his relationship with the minor plaintiff's violated those directives. He was given a written reprimand relating to his behavior with the minor plaintiffs reiterating the directives in April 2005. He did not change his behavior and neither Agney nor French took action against him or warned the boys' parents.

    b) In the school year 2005-2006, Bryer's contact with the boys continued. He slept at their home, had them visit his apartment, and spent inordinate amounts of time with them both in and out of school. In December 2005, the boys' older brother accused Bryer of molesting his younger brothers while Bryer was babysitting in their home. Bryer admitted to violating the directives. Agney and French gave Bryer another written warning, but took no other action. Neither French nor Agney advised the boys' parents of their concern. Bryer continued his close relationship with the boys, blatantly ignoring Agney's warning and instructions. She did nothing.

    c) In the school year 2006-2007, Bryer's inappropriate relationship with the minor plaintiffs continued. He was abusing the children and, despite the knowledge of Agney, French, and Wrend, no action was taken.

    d) In the school year 2007-2008, Bryer's conduct and relationship

5

continued. Wrend was aware of his behavior and the prior written warnings. It was not until April or May 2008 that she told him to end his close personal relationship. Bryer ignored her and she did nothing. She did not warn the parents of her concerns.

e) In the school year 2008-2009, Wrend told Bryer to end his relationship with the minor plaintiffs and gave him another detailed letter in November 2008, which he ignored. In March 2009, he was suspended from teaching and in April 2009, Bryer reached an agreement with the defendant which sealed his records and allowed him to be hired as a teacher by the Town of Colchester. The defendant never informed the plaintiff Mary Doe or the Colchester School District why Bryer was leaving LSSU. Bryer continued his abuse of the boys until his arrest in September 2009.

26. As a direct and proximate result of the negligence of French, Agney and Wrend, the minor plaintiffs suffered severe and permanent psychological harm and emotional distress.

27. Agney, French, and Wrend had a duty to warn Mary Doe of the risk that Bryer presented to her children. Agney, French and Wrend negligently failed to warn Mary Doe of the risk. As a direct and proximate result of the negligence of French, Agney, and Wrend, her children were repeatedly sexually molested in her home and elsewhere causing her to incur costs for their care and treatment and sustain other financial loss, and to suffer severe emotional distress.

28. 24 V.S.A. § 901(a) precludes the filing of a civil action for negligence against municipal employees and requires that claims of negligence against such employees be brought

6

in the name of the municipality.  The defense of sovereign immunity is not available under 24

V.S.A. § 901(c).

WHEREFORE, the plaintiffs seek reasonable damages and attorneys' fees as allowed by

Title IX and the VPAA.

Dated at Barre, Vermont, this ___ day of September, 2011.

Joe E. Doe and Jack L. Doe
by their next friend Mary Doe
and Mary Doe

By: _____
     Richard I. Rubin, Esq.
     Rubin, Kidney, Myer & DeWolfe
     237 North Main St.
     Barre, VT  05641
     (802) 479-2514

_____
Kerry B. DeWolfe, Esq.
Rubin, Kidney, Myer & DeWolfe
237 North Main St.
Barre, VT  05641
(802) 479-2514

cc:    Heather Lynn, Esq.

7

## DEMAND FOR JURY TRIAL

The plaintiffs request a TRIAL BY JURY.

Dated at Barre, Vermont this /5 day of September, 2011.

Joe E. Doe and Jack L. Doe
by their next friend Mary Doe,
and Mary Doe

By:_____
Richard I. Rubin, Esq.
Rubin, Kidney, Myer & DeWolfe
237 North Main Street
Barre, VT 05641
(802)479-2514

By:_____
Kerry B. DeWolfe, Esq.
Rubin, Kidney, Myer & DeWolfe
237 North Main Street
Barre, VT 05641
(802)479-2514

Cc:    Heather Lynn, Esq.